UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESOTERICK, INC., DENNIS THOMPSON, and JUDITH THOMPSON<br>　　　Plaintiffs, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:07-cv-02824 |
| | § | |
| JPMORGAN CHASE BANK, N.A.,<br>　　　Defendant. | §<br>§<br>§ | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Defendant's Motion to Dismiss (Doc. No. 8), requesting dismissal of

Plaintiffs' tortious interference claim for failure to state a claim under Federal Rules of Civil

Procedure 12(b)(6).  Having considered the Motion, Plaintiffs' Response (Doc. No. 15), and all

relevant law, the Court finds that Defendant's Motion should be denied.


## I.　　BACKGROUND

The allegations relevant to this Motion are fairly straightforward.  Plaintiffs admit that, at

the time of the events giving rise to this lawsuit, they owed Defendant approximately $4400 in

past due loan balances related to an original loan of $243,300.  Plaintiffs allege, however, that

Defendant satisfied this debt by maliciously debiting $10 million from each of five checking

accounts maintained by Plaintiffs without Plaintiffs' signature or request.  Plaintiffs further

allege that these debits weakened the financial condition of all Plaintiffs, thereby causing

potential investors to withdraw their planned investments in Plaintiff Esoterick, Inc.  (*See* Pls.'

First Amended Complaint, Doc. No. 6, at 2-10).  Based on these allegations, Plaintiffs sue for

tortious interference with prospective business relations under Texas law.[1]

---

[1] The instant Motion does not address Plaintiffs' claim for usury under 12 U.S.C.A. §§ 85-86.

## II.   DEFENDANTS' MOTION TO DISMISS

### A.   Legal Standards

Defendant moves for the dismissal of Plaintiffs' tortious interference claim under Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)).

### B.   Analysis

Defendant's Motion makes two principal arguments under *Wal-Mart Stores, Inc. v. Sturges*, which holds that a plaintiff may only establish liability for interference with a prospective contractual or business relation if the plaintiff "prove[s] that it was harmed by the defendant's conduct that was either independently tortious or unlawful." 52 S.W.3d 711, 713 (Tex. 2001).

Defendant's first argument is that it had a contractual right to offset one or more of the accounts in question to satisfy Plaintiffs' loan obligations, and therefore the alleged debits, if any, were lawful. (Def.'s Mot. Dismiss, Doc. No. 8, at 2.) Plaintiffs respond by arguing that any contractual right to debit for past due loan balances did not include debits of $50 million to satisfy a debt of $4400. (Pls.' Response, Doc. No. 15, at 2.) Whether Defendant had the right to debit Plaintiffs' accounts in the amount of $50 million is a question for later stages of this lawsuit. At this stage, the Court must accept the complaint's well-pleaded facts as true and view

them in the light most favorable to Plaintiffs, meaning that the Court must accept as true Plaintiffs' allegation that Defendant's contractual rights did not extend to debits totaling $50 million. Defendant's first argument is therefore unpersuasive.

Defendant's second argument is that Plaintiffs have failed to plead an independent tort as required by *Wal-Mart*. (Def.'s Mot. Dismiss, Doc. No. 8, at 2.) This argument allows for two different interpretations. To the extent Defendant argues that the debits were authorized by contract and therefore lawful, its argument is unpersuasive for the reasons stated above. To the extent Defendant argues that any tort was not "independent" as defined in *Wal-Mart*, the argument is still unpersuasive. *Wal-Mart* requires Plaintiffs to prove that Defendant's conduct was "*either* independently tortious or unlawful." 52 S.W.3d at 713 (emphasis added). Plaintiffs have adequately alleged facts that, if true, would support a finding that the debits were unlawful; that is enough. They need not also allege that the conduct was independently tortious, although they may do so if they choose. Therefore, under either possible interpretation, Defendant's second argument is unpersuasive.

## III.   CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Doc. No. 8) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 17 day of March, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**