UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESOTERICK, INC. ET AL., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-cv-2824 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiffs and Defendant have each submitted Motions for Summary Judgment (Doc Nos. 36 and 47). At issue is whether Defendant has violated federal usury law. For the reasons that follow, Plaintiffs' Motion for Summary Judgment must be denied, and Defendant's must be granted.

### I.   BACKGROUND

Except where noted, the following is not in dispute. In December 2006, plaintiff esoterick, inc. ("esoterick") executed a promissory note in the original principal amount of $243,000 in favor of Defendant JPMorgan Chase, N.A. ("Chase" or "Defendant"). Plaintiffs Dennis and Judith Thompson (together with esoterick sometimes referred to as "Plaintiffs") executed a guaranty of the promissory note. Payments of $4,118.06 were due on the first of each month for 84 months.

Plaintiffs were late on the payments due May 1, June 1, and July 1. Thirty days after the May 1 payment was due, Plaintiffs allowed Chase to offset the monthly amount from esoterick's account ending in 5140. Plaintiffs were 52 days late in making the payment due on June 1. When the July 1 payment was 29 days late, Chase offset the monthly payment amount by taking

1

$4,118.06 from esoterick's account ending in 5165. In a letter dated August 1, Chase notified esoterick of the electronic offset it had made. Chase did not accelerate the loan or otherwise declare it in default.

The next installment was due on August 1, and esoterick again failed to make a timely payment. On or about August 29, Chase entered debit amounts of $9,999,999.99 on each of Plaintiffs' five Chase accounts. At the time, at least one of Plaintiffs' accounts had sufficient funds for Chase to have made another electronic withdrawal transaction debit for the monthly amount due. On August 31, Plaintiffs made deposits into each of its five accounts, which Plaintiffs contend were applied to the ostensible debts of $9,999,999.99 owing on each of Plaintiffs' accounts. Also on August 31, esoterick mailed a check drawn on its account ending in 5173 in the amount of $4,450.00 for its August payment. On September 4, Chase refused acceptance of the check, returned it with a notation indicating that there were insufficient funds in the account, and charging a fee therefor. Numerous communications between and among the parties failed to provide a resolution, and this litigation quickly ensued.

## II.   STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899,

902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. F.R.C.P. 56(e)(1); *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996), *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## III.   THE PARTIES' CONTENTIONS

### A.   Summary of the Arguments

The proper characterization of Chase's actions on August 29 sharply divides the parties. Chase contends that entering the debit amounts of $9,999,999.99 did no more than effect a hold on each of Plaintiffs' five Chase accounts. These "holds" did not, Chase contends, constitute charging interest, and certainly did not include receiving a usurious amount of interest. Chase emphasizes that the usury statute, 12 U.S.C. §§ 85 and 86, provides that the offending conduct must be "knowingly done," and there was no intent to charge a usurious amount of interest. Chase also relies on the "usury savings" clause in the promissory note to argue that it specifically negates any intention to collect usurious interest. Specifically, the note provides that, "under no circumstances will the rate on the Note be more than the maximum rate allowed by law."

Plaintiffs contend that there was no "hold" or freeze on Plaintiffs' five bank accounts. Rather, the documents reflect a request for a hold, but there is no evidence that any hold was in fact effected. Plaintiffs further argue that they made deposits to each of their five Chase accounts immediately after August 29 which is inconsistent with a hold having been in place.

Relatedly, Chase's return of one of esoterick's checks with a notation of insufficient funds said nothing of a hold. Plaintiffs initially made a further claim that Chase had tortiously interfered with their business relations, but they have since abandoned the claim.

**B.     Analysis**

The parties are agreed that state laws as to usury are not applicable to Chase. Under applicable federal law, of course, if the $9,999,999 amount that appeared with respect to each of Plaintiffs' account were considered interest, then Chase would clearly be liable for usury. 12 U.S.C. § 85. Federal law provides that, "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon." 12 U.S.C. § 86. Section 86 goes on to provide that a person who has paid a usurious rate of interest "may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid . . . ." Plaintiffs appear to be seeking twice the amount of $9,768,616.74 from Chase. For present purposes, it is unnecessary to consider Plaintiffs' specific calculations.

None of the parties has identified precedents that are factually analogous. Within the Fifth Circuit, there are few precedents that even consider 12 U.S.C. §§ 85, 86. Plaintiffs do rely on *Casbeer v. State Federal Savings & Loan Ass'n of Lubbock*, 793 F.2d 1436 (5th Cir. 1986), in which the Court considered whether a debtor's transfer of deeds of trust and profit assignments to a creditor in exchange for the creditor's forbearance in foreclosing was usurious under Texas state law. This case is, however, of no support to Plaintiffs. The Court held only that, until the creditor had allocated amounts received between principal and interest, the debtor's usury claim was premature. Specifically, "Casbeer may have a claim for excess interest but, on the record

4

before us, we think it has not yet accrued." 793 F.2d 1447. In derogation of Plaintiffs' position, the Court did quote extensively from the savings language in the pertinent deeds of trust and profit assignments and did not rule out their effectiveness in defeating an otherwise valid claim for usury. *Id.*

Plaintiffs also invoke *Imperial Corporation of America v. Frenchman's Creek Corporation*, 453 F.2d 1338 (5th Cir. 1972), which is of even less support to Plaintiffs. There the Court considered a "front end" commitment fee that was charged by the plaintiff lender. This was considered to be interest under Texas state law, but the Court held that the relevant savings clause had the effect of spreading the amount of the commitment fee over the life of the loan. In reviewing the precedents, the Court held that, "The savings clause cases are but precisely targeted applications of more general rules of contract construction. The question of whether usury exists is ascertained from the dominant purpose and intent of the parties embodied in the contract interpreted as a whole an in the light of attending circumstances and of the governing rules of law that the parties are presumed to have intended to obey." 453 F.2d at 1334.

A third Fifth Circuit decision relied on by Plaintiffs is *Mack v. Newton*, 737 F.2d 1343 (5th Cir. 1984). The Court, applying Texas law, held that an acceleration clause in a promissory note did not authorize the collection of unearned interest and did not make the note usurious under Texas law. The Court noted that "Texas courts have repeatedly given effect to usury savings clauses to defeat a construction of a contract that would violate state usury laws." 737 F.2d at 1371. After citing numerous Texas cases, the Court went on to state, "We recognize that the mere presence of a usury savings clause will not rescue a transaction that is necessarily usurious by its explicit terms, but this is not such a case." *Id.* (citation omitted).

Plaintiffs also rely on cases from other Circuits, which are somewhat more helpful to their argument. In *Trading Co. v. First National Bank of Oregon*, 511 F.2d 980 (9th Cir. 1974), the Court considered, under Oregon law, a bank's calculation of interest based on a 360, rather than a 365, day year. The resulting interest rate was above the legal maximum. The Court held that this was usury and that the "knowingly" requirement of 12 U.S.C. §86 had been satisfied. Specifically, "the act of charging the excessive interest was intentional. This is sufficient to constitute a knowing violation of the law." 511 F.2d at 983.

In *Kissell Company v. Gressley*, 591 F.2d 47 (9th Cir. 1979), the Court found that a lender had committed usury, and could not rely on a savings clause to escape liability. The facts of that case were, however, markedly different from those of the instant case. The lender wrongfully refused to release a mortgage on a certain tract of land which rendered the borrower unable to continue with his plans to develop the land. This, in turn, led to an acceleration of the debt. The lender unsuccessfully argued that a certain charge was a commitment fee rather than interest. Once the charge was viewed as interest, however, the loan was usurious notwithstanding a savings clause.

As noted, none of these cases is factually similar to the instant one. If there is any unifying principle, it would seem to be this: if a lender intentionally engages in conduct that results in an interest rate in excess of the maximum lawful amount, that constitutes usury, even though the lender did not specifically set out to violate usury laws. Courts will, however, always consider the course of dealing between the parties in its entirety. In cases where a lender's actions do not lead inevitably to the conclusion that it intended to charge an unlawfully high interest rate, savings clauses will be given effect.

Here, Plaintiffs were in breach of the Promissory Note. Plaintiffs do not dispute that Chase could have placed a hold on all of the Plaintiffs' five accounts with Chase. Chase apparently meant to place such a hold on the accounts, but did so in a particularly improvident manner. Considering the uncontested facts of the transaction as a whole, including the magnitude of the principal amount of the Promissory Note, there is no cognizable basis to hold, or even to suggest, that the debits of $10 million that appeared in each of the accounts constituted, "The taking, receiving, reserving, or charging a rate of interest greater than is allowed" and that Chase did so "knowingly." 12 U.S.C. §86.

The damages that would result from a contrary holding validate this interpretation. Neither Congress nor any legislative body could have intended to attach to Chase's undoubtedly ill-considered practice a penalty of almost $20 million.

## IV. CONCLUSION

Plaintiffs' Motion for Summary Judgment is **DENIED**. Defendant's Motion is **GRANTED**. All other pending motions are **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 19th day of February, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT